UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22790-CIV-LENARD

**EDDUARD PRINCE,**

      Plaintiff,

vs.

**CAFFEE TONY, INC. and JEAN FRANCIS,**

      Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court on Plaintiff Edduard Prince's Motion to Proceed *in forma pauperis* (D.E. 3), filed on August 3, 2011.

Upon plaintiff's submission of an affidavit of indigency in support of a motion to proceed without payment of the filing fee, a district court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B) to make certain the action is not frivolous, malicious or fails to state a claim for relief. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous if it "is without arguable merit either in law or in fact," *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2001), or if it describes "fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). If a court "finds from the face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless," the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and

require innocent parties to expend significant resources." *Williams v. Sec. for the Dept. Of Corrections*, 131 Fed. Appx. 682, 686 (11th Cir. 2005) (quotations and citations omitted). Section 1915(e)2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) such that the Court can dismiss a complaint for failure to satisfy the standards of that Rule. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Here, in his handwritten Complaint (D.E. 1), Prince alleges his civil rights were violated on July 30, 2011, when the manager of Caffee Tony approached him "in a violent and aggressive manner . . . and began to use racial slurs and told [Prince] [he] had to leave." (Compl. at 3.) The manager, presumably Defendant Jean Francis, allegedly issued threats to Prince outside of the restaurant. Prince seeks $700,000.00 in damages for the violation of his civil rights by Caffee Tony and Francis.

In order to state a claim under § 1983, the plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). A private individual acts under color of state law for purposes of § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).

Prince fails to allege that Defendants were state actors or acting under color of state law. Caffee Tony appears to be a private establishment and nothing in the Complaint explains who Jean Francis is or what authority he had on July 30. Despite a *pro se* complaint being "held to less stringent standards than formal pleadings drafted by

lawyers" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that nothing in Prince's Complaint supports his civil rights claim under 42 U.S.C. § 1983.

Having reviewed the Complaint and the record and failing to find a basis for any of Prince's claims, his Complaint must be dismissed without prejudice. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff Edduard Prince's Complaint (D.E. 1), filed on August 3, 2011, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff Edduard Prince's Motion to Proceed *in forma pauperis* (D.E. 3) is **DENIED** as moot.

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of September, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**